**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELANO TOLDEN, | No. 10-15837 |
| Petitioner - Appellant, | D.C. No. 4:08-cv-03782-CW |
| v. | |
| JAMES E. TILTON, Director, Department of Corrections, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted April 14, 2011
San Francisco, California

Before: THOMAS and RAWLINSON, Circuit Judges, and CARNEY, District Judge.[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Cormac J. Carney, District Judge for the U.S. District Court for Central California, Santa Ana, sitting by designation.

Petitioner-Appellant Delano Tolden challenges the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Tolden asserts that his sentence of twenty-five years to life constitutes cruel and unusual punishment due to his alleged mental retardation and the passive nature of his offense of failing to register as a sex offender. He also contends that the trial court's jury instructions were constitutionally defective.

Federal law clearly establishes that mentally retarded persons may not be executed. *See Atkins v. Virginia*, 536 U.S. 304, 321 (2002). However, there is no Supreme Court case supporting Tolden's premise that a sentence of twenty-five years to life is cruel and unusual punishment for a mentally retarded person. With no Supreme Court authority to the contrary, the California Court of Appeal's affirmance of the sentence was not an unreasonable application of Supreme Court law, and habeas relief is not available. *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). In addition, there is sufficient evidence in the record to support the state court's determination that Tolden's level of mental functioning did not so reduce his criminal culpability as to render his sentence grossly disproportionate or unconscionable.

Tolden's alternative argument that his sentence is cruel and unusual due to the passive nature of the registration offense is meritless. Supreme Court

2

precedent has established that long prison terms resulting from non-violent convictions and three-strike enhancements do not violate the Eighth Amendment. *See Lockyer v. Andrade*, 538 U.S. 63, 66-68, 73-74 (2003) (affirming a sentence of consecutive terms of twenty-five years to life for a "third strike" conviction where the defendant stole nine videotapes worth $153.54); *see also Ewing v. California*, 538 U.S. 11, 17-18, 20, 30 (2003) (affirming a three strikes sentence of twenty-five years to life for theft of three golf clubs, priced at $399 each).  Tolden's reliance on *People v. Carmony*, 127 Cal. App. 4th 1066 (2005) is inapposite.  We consult only Supreme Court cases to determine if habeas relief is available.  *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir.), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63 (2003) ("[T]he only definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. . . .") (citation and emphasis omitted).

Tolden also contends that the trial court's instruction regarding the term "wilfully" under CALJIC 1.20, and its definition of "general criminal intent" under CALJIC 3.30 allowed the jury to convict him without a showing of "actual knowledge," as required by California Penal Code § 290.  This argument fails because the trial court instructed the jury on all the elements of § 290, including the

3

required mental state of actual knowledge. Viewing the instructions as a whole and the trial in its entirety, no "substantial and injurious effect or influence on the verdict" occurred. *Pulido v. Chrones*, 629 F.3d 1007, 1012 (9th Cir. 2010) (citation omitted).[1]

Tolden's final argument asserts that the trial court gave the jury an incomplete instruction regarding the actual knowledge requirement by neglecting to instruct that Tolden must have had actual knowledge that he was required to register *within 14 days* of moving to a new city. However, the jury was instructed that a conviction under § 290 required proof that Tolden had "actual knowledge of his duty to register" and that he "wilfully failed to register within 14 working days." Viewing the jury charges as a whole, the instructions encompassed knowledge of the 14-day registration period. *See Mendez v. Knowles*, 556 F.3d 757, 768 (9th Cir. 2009).

**AFFIRMED.**

---

[1]Although Supreme Court holdings are the only definitive source of clearly established federal law for purposes of the AEDPA, we may rely on circuit precedent as persuasive authority for determining whether a state court decision unreasonably applies Supreme Court law. *See Clark*, 331 F.3d at 1069.