Filed 1/25/21  P. v. Ray CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANK BERTHA RAY,<br><br>    Defendant and Appellant. | B298506<br><br>(Los Angeles County<br>Super. Ct. No. NA106626) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John David Lord, Judge.  Affirmed.

Benjamin Adam Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Frank Bertha Ray was convicted of failing to register as a sex offender. (Pen. Code, § 290.)[1] On appeal, he argues that the court should not have instructed the jury with a definition of "willfulness" from the Penal Code. The claim was waived when counsel said, "I have no objection" to the instruction. Ray asserts that the court erred by not instructing, sua sponte, on a mistake of law defense. We find no instructional error and affirm.

## FACTS AND PROCEDURAL HISTORY

Ray is required to register as a sex offender. On May 12, 2017, parole agents moved him to Los Angeles County.[2] He had been living with his wife and family in Riverside County, until his wife obtained a restraining order against him. He is not allowed to have contact with her.

Neel Pratap is a state parole agent who supervises sex offenders. He was assigned to supervise Ray. Pratap tells offenders at which police department they need to register, but it is each offender's obligation to register, not one of the parole agent's duties. Offenders who move to a new location must register within five business days. Failure to register is a parole violation.

On May 12, Pratap met Ray, who wanted to move back with his wife. Pratap told Ray "we would get him housing and he was no longer allowed to go back to his previous residence," and "he needed to update his registration at Long Beach Police Department." Ray said "okay." He previously registered in Long Beach in 2015, then registered in Riverside in early 2017.

After meeting Pratap, Ray was driven to Pathways transitional housing facility on Zona Court in Long Beach, where the parole department paid for accommodations. Ray objected to living at Pathways.

Ray wore a GPS tracking device to monitor his location. On May 16, Pratap was alerted by the tracking device that Ray had

---

[1] Undesignated statutory references are to the Penal Code.

[2] All date references are to the year 2017.

2

traveled more than 50 miles without permission.  He telephoned Ray, who said he was going to Hemet to see his wife.  Pratap warned Ray that he cannot contact his wife and instructed him to return to Los Angeles.  Ray ignored Pratap and continued to his wife's home, where he was arrested.

On May 23, Pratap went to the Banning jail to pick up Ray and return him to Long Beach.  Pratap checked the sex offender registry and saw Ray had not registered.  En route, Pratap "instructed [Ray] he needed updated registration immediately."  Ray replied "okay."  As Pratap dropped Ray off at Pathways, he reiterated "to make sure he goes and registers immediately."  Ray insisted that he wanted to be in Hemet.  A parole supervisor said Ray could not go because "he was no longer allowed to go back to the area in Riverside."

Pratap saw Ray on May 25 and reminded him to register.  In a meeting on June 2, Pratap "instructed [Ray] again to update his registration."  He informed Ray that he may be in violation of his parole; Ray did not respond.  On June 5, in another meeting at the parole office, Ray replied "no" when Pratap asked if he had registered.  Since arriving in Los Angeles on May 12, Ray came to the parole office almost daily to complain about living at Pathways.  He did not register in Long Beach.

On the evening of June 6, a resident near Pathways, who lives above a bar, saw Ray reach through a window screen and move the glass pane in his apartment.  The two shouted at each other.  Ray yelled repeatedly, "open the door."  The resident refused.  Ray asked, "are you the bar?"  The resident replied that he was not the bar and told Ray to leave.  Ray left.  He was arrested.

Ray testified that he went to the neighbor's apartment to discuss a parking issue.  He assumed the apartment belonged to the owner of the bar on the first floor.  He did not intend to break into the residence.

Ray testified that he has been required to register as a sex offender since he was convicted of indecent exposure in 2009.  From 2009 to 2017, he always registered—some 40 times—when he was not incarcerated, even when homeless.  However, he did not believe he

3

resided at Pathways.  He claimed Pratap never told him to register in Long Beach; he was assured that "you'll be going home" to Hemet, where he was registered.  Ray agreed that he has registered at the Long Beach police station in the past.

Ray lived in Los Angeles from 2014 to 2016, while being supervised on parole.  He transferred to Riverside in early 2017, to be with his family.  In May, he was involuntarily moved to Long Beach. He claimed he never formally met with parole agents but went daily to talk to them about returning to Riverside.  He did not understand that his transfer to Riverside was revoked.  Ray took a train to Riverside on May 16 and was arrested.  Pratap picked him up and took him to Long Beach on May 23.  He was at Pathways until June 6, when he was arrested.  He told the officer investigating him that he lived at the "parolee house" on Zona Court.

At his preliminary hearing, Ray testified that on June 2, " 'I resided at 414 Zona Court to be exact.  I was placed there by my [parole] agent' " eight days earlier, after being "escorted" from Riverside.  At trial, he explained that he sought "to demonstrate to the courts that I was not a burglar, that I had reason to be there" when he accosted a neighbor.  From the time he was taken to Pathways on May 12 until his arrest on June 6, he admittedly did not register as a sex offender in Long Beach.

Ray was charged with burglary and failure to register as a sex offender.  (§§ 459, 290.)  It was alleged that he has prior serious felony convictions.  A jury acquitted Ray of burglary and attempted burglary but found him guilty of failing to register.  Ray admitted two prior convictions.  The court struck his prior convictions for purposes of sentencing and sentenced him to the upper term of three years in county jail.

## DISCUSSION

Section 290 ensures that convicted sex offenders are subject to police surveillance and helps the public protect itself through awareness of the offender's location.  (*Ruelas v. Superior Court* (2015) 235 Cal.App.4th 374, 379.)  "The duty to register arises when the sex

4

offender enters a jurisdiction and ends when he or she leaves the jurisdiction" and "is not dependent upon whether the offender stayed at a residence five or more consecutive days." (*People v. Williams* (2009) 171 Cal.App.4th 1667, 1672.)

The prosecution must prove the defendant had actual knowledge of the duty to register as a sex offender and failed to register. (*People v. Garcia* (2001) 25 Cal.4th 744, 753–754 (*Garcia.*) The jury may infer knowledge of the duty to register if the defendant is given notice of the duty and acts willfully. (*Id.* at p. 752; *People v. Poslof* (2005) 126 Cal.App.4th 92, 97–98 [defendant could be convicted of failing to register at a "second residence or temporary residence" in San Bernardino County, though he was already registered in Merced].)

The sole issue raised on appeal is whether the jury was properly instructed.

The jury was given a modified version of CALCRIM No. 1170. It states that the People must prove Ray was convicted of violating section 314; resided in California; "actually knew he had a duty . . . to register as a sex offender living at 414 Zona Court, Long Beach . . . within five working days of May 23, 2017;" and "willfully failed to register as a sex offender" with police "within five days after coming into [Long Beach], or regularly or temporarily residing in Long Beach." A residence is defined as "one or more addresses where someone regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address," including a house, apartment, motel, homeless shelter, or vehicle.

At the request of the prosecutor, the court instructed: "The word 'willfully' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate the law, or to injure another, or to acquire any advantage." This language comes from the Penal Code, which defines "willfully" in section 7.

5

Ray contends that the court erred by giving section 7 because it "instruct[ed] the jury that willfulness does not require the intent to break the law." The issue was waived: Defense counsel said, "I have no objection," when the court added the willfulness language from section 7.

The Supreme Court has said that section 7 "correctly requires a showing of purpose or willingness to act, or (as in this case) fail to act." (*Garcia, supra,* 25 Cal.4th at pp. 753–754.) However, it "was incomplete in failing clearly to require actual knowledge of the registration requirement." (*Id.* at p. 754.) Here, the jury was instructed that the People must prove Ray "actually knew he had a duty . . . to register as a sex offender." The instruction complies with *Garcia.*

The willfulness language that Ray objects to, for the first time on appeal, was given as CALJIC 1.20 in *Tolden v. Tilton* (9th Cir. 2011) 449 Fed.Appx. 579, 581. The court deemed it proper "because the trial court instructed the jury on all the elements of [section] 290, including the required mental state of actual knowledge. Viewing the instructions as a whole and the trial in its entirety, no 'substantial and injurious effect or influence on the verdict' occurred." (*Ibid.*) That reasoning applies here.

Ray asserts that the court had a sua sponte duty to instruct the jury on mistake of law. "A mistake of law, in its strict sense, means ignorance that the penal law (of which one stands accused) prohibits one's conduct—and ignorance on this point 'is almost never a defense.' (*People v. Hagen* [(1998)] 19 Cal.4th [652], 660–661, fn. 4.) There are rare instances where ignorance that a penal law prohibits one's conduct *does* provide a defense. Those instances include crimes punishing the failure to act (rather than an affirmative act) and certain conspiracies. In *People v. Garcia*[, *supra,*] 25 Cal.4th 744, 751–754, the California Supreme Court held that a defendant who claimed he was unaware of a law requiring sex offenders to register their residencies with the police was entitled to present that defense to the jury. The law punishes a

willful failure to register, which is a failure to act." (*People v. Meneses* (2008) 165 Cal.App.4th 1648, 1662–1663.)

The court had no duty to instruct on the defense of mistake of law. Unlike the defendant in *Garcia, supra,* 25 Cal.4th 744, Ray never claimed ignorance or unawareness of the law requiring registration by sex offenders. On the contrary, he testified that he knows the registration requirement and has previously obeyed it by registering some 40 times. There was no mistake of law. (See *People v. Barker* (2004) 34 Cal.4th 345, 358 [no defense that defendant knew of the duty to register but "*just forgot*" to do so]; *People v. Sorden* (2005) 36 Cal.4th 65, 68–70 [where defendant knew his duty to register and did so many times, no defense that his state of depression caused him to forget to register].)

Ray's mistake—if there was a mistake—was believing he did not reside in Long Beach; however, the law requires registration "within five working days of coming into . . . any city," even at a temporary residence. (§ 290, subd. (b).) Ray admitted to residing in Long Beach for eight days before his arrest, to show he belonged there and was not in the neighborhood to burglarize.

Ray's subjective belief that he resides at the address on his driver's license, not at the transitional housing facility where he slept, does not constitute a mistake of law. To say otherwise would eviscerate the requirement in section 290 of registration within five days of "coming into" a city. (*People v. Sorden, supra,* 36 Cal.4th at p. 73 [courts need not countenance excuses that fall short of nullifying knowledge of one's registration obligation].)

Assuming that there was instructional error, it was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24; *Garcia, supra,* 25 Cal.4th at p. 755.) "At trial, the prosecution presented strong evidence that defendant knew of the registration requirements." (*Garcia* at p. 755.)

Ray told the jury that he has been required to register as a sex offender since was convicted of indecent exposure a decade earlier, and he always registered, even when homeless. The jury discredited Ray's

7

claim that he did not believe he needed to register after coming into Long Beach.  His housing at Pathways qualified as a "residence."

Pratap testified that he repeatedly directed Ray to register in Long Beach.  Ray was arrested when he went to Riverside County on May 16, belying his claim at trial that he believed he resided there even after he was involuntarily returned to Long Beach on May 23.  Pratap warned Ray to register as they drove back to Pathways.  Ray said "okay."  At the time of his arrest on June 6, Ray had still not registered.

We conclude beyond a reasonable doubt that the jury would have convicted Ray even if it had been instructed on mistake of law.

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.

8