Filed 3/20/15 opn. on rehearing

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ISAAC RUELAS, <br><br>     Plaintiff and Appellant, <br><br>     v. <br><br> THE SUPERIOR COURT OF MONTEREY COUNTY, <br><br>     Defendant and Respondent; <br><br> THE PEOPLE, <br><br>     Real Party in Interest and Respondent. | H039848 <br> (Monterey County <br> Super. Ct. Nos. M122167, J29777) |

Appellant Isaac Ruelas appeals from the denial of his request for relief from mandatory sex offender registration on equal protection grounds. He contends that mandatory sex offender registration for a juvenile who is adjudicated of violating Penal Code section 647.6[1] and committed to the Division of Juvenile Facilities only after committing another offense, but not for a juvenile who is adjudicated of violating section 647.6 and never committed to the Division of Juvenile Facilities, violates the equal protection clauses of the federal and state Constitutions.

We previously issued an opinion reversing the judgment. However, we granted rehearing when the People brought to the court's attention a change in the law. We ordered the parties to file letter briefs addressing the effect of the change in the law on Ruelas's equal protection challenge. We now affirm.

---

[1] All further statutory references are to the Penal Code.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 1994, at age 14, Ruelas admitted committing felony assault with a deadly weapon (§ 245) and misdemeanor annoying or molesting a child (§ 647.6).  Three years later, while Ruelas was still a minor, the juvenile court found true allegations that he had committed three felonies:  robbery (§ 211), assault with a deadly weapon (§ 245), and vehicle theft (Veh. Code, § 10851).  At that time, the juvenile court committed Ruelas to the California Youth Authority,[2] for a maximum term of eight years two months.  That term included four months imposed as a result of Ruelas's prior admission of annoying or molesting a child in violation of section 647.6.[3]  Upon his release, Ruelas was required to register as a sex offender because of his section 647.6 adjudication.

In November 2012, Ruelas filed a petition for writ of mandate arguing that his equal protection guarantees were violated by the requirement that he register as a sex offender.  Ruelas timely appealed the trial court's order denying that petition.

## II.  DISCUSSION

On appeal, Ruelas challenges the statutory scheme requiring him to register as a sex offender.  We begin by setting forth the relevant statutes and case law.

---

[2] The California Youth Authority was renamed the Department of Corrections and Rehabilitation, Division of Juvenile Facilities, effective July 1, 2005.  (Welf. & Inst. Code, § 1710, subd. (a).)  The Division of Juvenile Facilities is referenced in statutes, such as Welfare and Institutions Code sections 731 and 733, that formerly referred to the California Youth Authority.  (*In re N.D*. (2008) 167 Cal.App.4th 885, 890, fn. 2.)  In this opinion, we use the name Division of Juvenile Facilities.

[3] The record on appeal is not particularly satisfying on this important (though undisputed) fact.  While Ruelas's petition for writ of mandate and the trial court's order denying that petition state that Ruelas was committed in part because of the section 647.6 adjudication, no minute order or transcript from the juvenile court confirms that fact.  Nevertheless, we can safely assume Ruelas was in fact committed in part because of the section 647.6 adjudication because, as discussed below, he would not be subject to mandatory sex offender registration--as he indisputably is--were that not the case.  (*In re Alex N*. (2005) 132 Cal.App.4th 18, 24.)

2

*A.*     ***Relevant Statutes***

*1.*     *Section 647.6's Prohibition Against Annoying or Molesting a Child*

Section 647.6, subdivision (a)(1) makes it a misdemeanor to annoy or molest a child under the age of 18 years. As used in that provision, the words "annoy" and "molest" "are synonymous and generally refer to conduct designed to disturb, irritate, offend, injure, or at least tend to injure, another person." (*People v. Lopez* (1998) 19 Cal.4th 282, 289.) Section 647.6, subdivision (a) is violated by conduct that (1) a normal person unhesitatingly would be irritated by, and (2) is motivated by an unnatural or abnormal sexual interest in the victim. (*Ibid.*) Touching is not a required element. (*Ibid.*)

The offense of annoying or molesting a child under the age of 18 years is a general intent crime. (*People v. Brandao* (2012) 203 Cal.App.4th 436, 445 (*Brandao*).) Yet it includes the "mental state element" of motivation by an unnatural or abnormal sexual interest. (*People v. Maurer* (1995) 32 Cal.App.4th 1121, 1127; *Brandao*, *supra*, at p. 448 [noting § 647.6's "unique *motivational* requirement"].) For that reason, courts have described section 647.6 as " 'a strange beast.' " (*Brandao*, *supra*, at p. 445.)

*2.*     *Sex Offender Registration*

Section 290 makes lifelong sex offender registration mandatory for persons convicted of specified crimes. The purpose of the mandatory registration statute is not to punish, but to make sex offenders deemed likely to recidivate readily available for police surveillance and "to notify members of the public of the existence and location of sex offenders so they can take protective measures." (*Brandao*, *supra*, 203 Cal.App.4th at p. 441.)

Section 290.006 provides for discretionary lifelong sex offender registration for adult offenders. It states: "Any person ordered by any court to register pursuant to the [Sex Offender Registration] Act for any offense not included specifically in subdivision (c) of Section 290, shall so register, if the court finds at the time of conviction or

3

sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification. The court shall state on the record the reasons for its findings and the reasons for requiring registration." "Since the purpose of sex offender registration is to keep track of persons likely to reoffend, one of the 'reasons for requiring registration' under section 290.006 must be that the defendant is likely to commit similar offenses--offenses like those listed in section 290--in the future." (*Lewis v. Superior Court* (2008) 169 Cal.App.4th 70, 78.)

Section 290.008 sets forth the registration requirements for juvenile offenders. (*In re D.B.* (2014) 58 Cal.4th 941, 946, fn. 3.) It mandates registration for persons "discharged or paroled from the Department of Corrections and Rehabilitation . . . after having been adjudicated a ward of the juvenile court pursuant to Section 602 of the Welfare and Institutions Code because of the commission or attempted commission" of specified offenses. (§ 290.008, subd. (a); see also *In re Bernardino S.* (1992) 4 Cal.App.4th 613, 619-620 ["By its plain words, Penal Code section 290 requires registration of juvenile wards only when they are discharged or paroled from the [Division of Juvenile Facilities] after having been committed for one of the enumerated offenses."].) Violation of section 647.6 is among the offenses specified in section 290.008.

This court has construed the pertinent language in section 290.008 as requiring registration only by one who was committed to the Division of Juvenile Facilities "both *after **and** because of* a sex offense adjudication," not one committed "only for non-sex offenses, . . . even though he [or she] has previously been adjudicated a ward for sex offenses." (*In re Alex N.*, *supra*, 132 Cal.App.4th at p. 24 [construing language in former § 290, subd. (d)(1) that is identical to that in current § 290.008].)

> 3. *Sex Offender Registration for Violators of Section 647.6*

All adults convicted of violating section 647.6 are subject to mandatory sex offender registration. (§ 290, subd. (c); *Brandao*, *supra*, 203 Cal.App.4th at p. 441.) By

4

contrast, a juvenile adjudicated of violating section 647.6 is subject to mandatory sex offender registration only if he or she has been committed to the Division of Juvenile Facilities because of that offense.

Juvenile courts may, in their discretion, commit a ward to the Division of Juvenile Facilities if the ward has violated section 647.6.  (Welf. & Inst. Code, § 731, subd. (a)(4) [court may "[c]ommit [a] ward to the Department of Corrections and Rehabilitation, Division of Juvenile Facilities, if the ward has committed an offense described in subdivision (b) of [Welfare and Institutions Code] Section 707 or subdivision (c) of Section 290.008 of the Penal Code, and is not otherwise ineligible for commitment to the division under Section 733"]; § 290.008, subd. (c) [describing § 647.6].)

Juvenile courts also have the discretion to "aggregate the period of physical confinement [in the Division of Juvenile Facilities] on . . . multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602 . . . ." (Welf. & Inst. Code, § 726, subd. (d)(3).)  Therefore, even if the juvenile court does not initially commit a juvenile to the Division of Juvenile Facilities for violating section 647.6, it can do so in connection with a later petition, as occurred here.

Accordingly, a juvenile adjudicated of violating section 647.6 is subject to mandatory sex offender registration if he or she is committed to the Division of Juvenile Facilities for the section 647.6 violation either (1) at the time of that adjudication or (2) in connection with a later petition resulting in commitment to the Division of Juvenile Facilities if the court exercises its discretion to aggregate the period of physical confinement on the prior petition involving the section 647.6 offense.

## B.    *Equal Protection*

A meritorious claim under the equal protection clause requires a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.  (*In re Eric J.* (1979) 25 Cal.3d 522, 530.)  This court has explained that the pertinent inquiry is whether "the two groups are sufficiently similar *with respect to*

5

*the purpose of the law in question* that some level of scrutiny is required in order to determine whether the distinction is justified." (*People v. Nguyen* (1997) 54 Cal.App.4th 705, 714, italics added.) "The next step in analyzing an equal protection challenge is a determination of the appropriate standard of review." (*Id.* at p. 715.) " 'Statutes . . . will receive differing levels of scrutiny depending upon the nature of the distinctions they establish. Legislation which creates a suspect classification or impinges on the exercise of a fundamental right is subject to strict scrutiny and will be upheld only if it is necessary to further a compelling state interest. All other legislation will satisfy constitutional requirements if it bears a rational relationship to a legitimate state purpose.' " (*People v. MacKenzie* (1995) 34 Cal.App.4th 1256, 1269.)

### *C.* *There is No Equal Protection Violation*

Ruelas claims the mandatory registration requirement violates his right to equal protection because juveniles adjudicated of violating section 647.6 but never committed to the Division of Juvenile Facilities are not subject to mandatory sex offender registration. We disagree.

The threshold question is whether the state has adopted a classification that affects two or more similarly situated groups differently. Ruelas posits the existence of two groups: (1) those adjudicated of violating section 647.6 as juveniles but never committed to the Division of Juvenile Facilities and (2) those adjudicated of violating section 647.6 as juveniles and, while not initially committed to the Division of Juvenile Facilities, committed on a later petition involving non-sex offenses where the juvenile court aggregates the previously sustained section 647.6 petition as part of the commitment. In Ruelas's view, all juveniles adjudicated of violating section 647.6 but not initially committed to the Division of Juvenile Facilities for that offense, and who do not commit further sex crimes, are similarly situated for purposes of mandatory sex offender registration. According to Ruelas, juveniles in each group committed sexual offense

6

"conduct . . . found by the juvenile court to be not sufficiently serious to require . . . commitment." But that is not so. Individuals in the latter group were found to warrant commitment for violating section 647.6, albeit as part of the disposition on a subsequently sustained petition.

As noted above, a juvenile adjudicated of a violation of section 647.6 is subject to mandatory sex offender registration only if he or she is committed to the Division of Juvenile Facilities *because of* that offense. The decision to aggregate a previously sustained petition as part of a commitment is discretionary, and the court may consider the juvenile's entire record before exercising that discretion. (*In re Adrian R.* (2000) 85 Cal.App.4th 448, 454.) Thus, where (as here) the juvenile court exercises its discretion to aggregate a previously sustained section 647.6 petition as part of a commitment, it necessarily makes a judgment that commitment for the underlying sexual offense conduct is appropriate. That the court initially reached a different conclusion--not to commit the juvenile for the conduct--does not mean it could not rationally find commitment to be warranted upon revisiting the decision. (See *In re Alex N.*, *supra*, 132 Cal.App.4th at p. 25 ["the Legislature implicitly permitted the juvenile court to utilize appropriate procedures to modify the prior disposition for a previously sustained petition and impose any appropriate disposition"].) For example, something in the new probation report regarding the juvenile's recent background may convince the court that the juvenile is likely to commit another sex offense in the future.

In sum, Ruelas and others in the latter group are not similarly situated for purposes of mandatory sex offender registration to juvenile violators of section 647.6 who were never committed to the Division of Juvenile Facilities. Ruelas and others like him were found to merit commitment to the Division of Juvenile Facilities for their sex offenses, whereas those in the other group were not. Because Ruelas has not demonstrated that the statutory scheme treats two similarly situated groups differently, his equal protection challenge fails.

7

Alternatively, Ruelas argues the juvenile court failed to exercise its discretion with respect to the aggregation of his previously sustained section 647.6 petition. Ruelas does not provide us with a transcript of the proceedings in the juvenile court at the time of his commitment, nor anything else suggesting the court was unaware of its obligations and discretion under Welfare and Institutions Code section 726. In essence, Ruelas urges us to presume the juvenile court failed to recognize and exercise its discretion not to aggregate when it aggregated his previously sustained sex offense petition. We decline to do so.

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "The general rule is that on a silent record the ' "trial court is presumed to have been aware of and followed the applicable law" ' when exercising its discretion." (*Biscaro v. Stern* (2010) 181 Cal.App.4th 702, 708; Evid. Code, § 664 ["[i]t is presumed that official duty has been regularly performed"].) Ruelas has failed to carry his burden to show the juvenile court failed to exercise its discretion and we must presume it did. (*People v. Tang* (1997) 54 Cal.App.4th 669, 677 [" 'We must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error--it will not be presumed.' "].)

Ruelas notes that he was committed to the Division of Juvenile Facilities in 1997, years before this court's *In re Alex N.* decision acknowledging that Welfare and Institutions Code section 726 does not mandate aggregation. But the juvenile court had discretion with respect to aggregation in 1997. Then, as now, Welfare and Institutions Code section 726, subdivision (d) addressed the "maximum term of imprisonment" "[*i*]*f the court elects to aggregate* the period of physical confinement on multiple counts or multiple petitions, including previously sustained petitions adjudging the minor a ward within Section 602 . . . ." (*Id.*, subd. (d)(3), italics added.) As this court stated in *In re*

*Alex N.*, "[o]bviously [that statutory language] permits the juvenile court to elect *not to aggregate* the period of physical confinement on a previously sustained petition." (*In re Alex N.*, *supra*, 132 Cal.App.4th at p. 25, fn. 2.) This was not the first court to so hold. (*In re Richard W.* (1979) 91 Cal.App.3d 960, 982 ["section 726 does not mandate consecutive aggregated terms in all cases, absent the exercise of sound discretion in so doing"]; *In re Adrian R.*, *supra*, 85 Cal.App.4th at p. 454 ["Aggregation is not mandatory or automatic, but rests within the sound discretion of the juvenile court."].)

## III.   DISPOSITION

The order denying Ruelas's petition for writ of mandate is affirmed.

_____
Premo, J.

WE CONCUR:



_____
Rushing, P.J.




_____
Elia, J.




Ruelas v. Superior Court (The People)
H039848

| | |
|---|---|
| Trial Court: | Monterey County Superior Court<br>Superior Court Nos. M122167, J29777 |
| Trial Judge: | Hon. Robert A. Burlison |
| Counsel for Real Party in<br>Interest/Respondent:<br>The People | Kamala D. Harris<br>Attorney General<br><br>Dane R. Gillette<br>Chief Assistant Attorney General<br><br>Gerald A. Engler<br>Senior Assistant Attorney General<br><br>Ronald E. Niver<br>Deputy Attorney General<br><br>Huy The Luong<br>Deputy Attorney General<br><br>Elizabeth Hereford<br>Deputy Attorney General<br><br>David L. Fadem<br>Deputy Attorney General |
| Counsel for Plaintiff/Appellant:<br>Isaac Ruelas | Innocence Legal Team<br>William P. Daley |
| Counsel for Defendant/Respondent:<br>The Superior Court of Monterey<br>County | No appearance |

Ruelas v. Superior Court (The People)
H039848