Filed 6/12/23 Provence v. Newsom CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| PROVENCE, LLC, et al., | C094888 |
| Plaintiffs and Appellants, | (Super. Ct. No. S-CV-0046346) |
| v. | |
| GAVIN NEWSOM, AS GOVERNOR, etc., et al., | |
| Defendants and Respondents. | |

In March 2021, various Placer County dining establishments (plaintiffs) together filed a complaint challenging the enforcement of orders promulgated by Governor Newsom and other public officials (defendants) restricting business operations during the COVID-19 pandemic. Plaintiffs sought declaratory and injunctive relief. They did not seek monetary damages. After Governor Newsom rescinded the challenged orders in June 2021, the trial court sustained defendants' demurrer to the complaint, ruling plaintiffs' action was moot. The trial court denied leave to amend.

1

On appeal, plaintiffs contend (1) the trial court erred in ruling their action was moot; (2) even if their action was moot, the trial court abused its discretion by failing to exercise its discretion to decide the case pursuant to various exceptions to the mootness doctrine; and (3) the trial court abused its discretion in denying leave to amend. We will affirm.

BACKGROUND

"In response to the COVID-19 pandemic, Governor Newsom declared a state of emergency in California on March 4, 2020. About two weeks later he issued Executive Order N-33-20, colloquially referred to as the 'stay-at-home order.' Among other restrictions, it prohibited restaurants from providing both indoor and outdoor dining. [¶] Restaurants, gyms, and other businesses deemed nonessential remained closed until May 4, when the Governor issued Executive Order N-60-20." It allowed reopening in phases as determined by the State Department of Public Health (Health Department). (*640 Tenth LP v. Newsom* (2022) 78 Cal.App.5th 840, 849-850, fns. omitted.)

In July 2020, the Health Department ordered the closure of all indoor bar and restaurant operations in Placer County.

In August 2020, the Health Department issued "The blueprint for a safer economy," which "created a color-coded tiered system, updated weekly, that assigned each county a color (purple, red, orange, or yellow) based on its assessed risk level for COVID-19 transmission and imposed corresponding restrictions for different business sectors. For restaurants, indoor dining in 'purple' counties was prohibited. Those in 'red' counties were limited to operating at 25 percent capacity . . . . Restaurants in 'orange' counties were prohibited from operating at more than 50 percent capacity." (*640 Tenth LP*, *supra*, 78 Cal.App.5th at pp. 850-851.)

From September 2020 to November 2020, Placer County moved from purple to orange and back to purple. In December 2020, the Health Department issued a regional

2

stay-at-home order for the Sacramento region, prohibiting all sit-down dining in Placer County. In January 2021, the regional stay-at-home order was lifted, and outdoor dining was again permitted in Placer County. Indoor dining was still prohibited.

In March 2021, plaintiffs filed a complaint for declaratory and injunctive relief only, seeking to "invalidat[e] or restrain[ ] enforcement of the . . . [o]rders and restriction[s] imposed by [d]efendants." Containing 11 causes of action, including asserted violations of California's non-delegation doctrine and improper takings in violation of the state and federal Constitutions, the complaint argued that beginning with the stay-at-home-order, plaintiffs were "denied substantially all economic uses of their businesses." If not soon "authorized to resume indoor service at full capacity," plaintiffs warned, "they w[ould] cease to be viable . . . enterprises."

In June 2021, with Executive Order N-07-21, Governor Newsom rescinded the March 2020 statewide stay-at-home-order and the May 2020 order authorizing the Health Department to issue and administer a risk-based framework for reopening the economy. (See *640 Tenth LP*, *supra*, 78 Cal.App.5th at p. 851.) Defendants demurred to the complaint asserting, inter alia, (1) the entire action was moot in light of those rescissions, and (2) on the merits, all 11 causes of action failed to state valid claims. In opposition, plaintiffs argued their action was not moot, because there was a "constant threat" the previously imposed orders (or "essentially similar restrictions") would be reinstated. Plaintiffs asked to be allowed to amend the complaint if the trial court sustained the demurrer.

After hearing oral argument, the trial court sustained the demurrer without leave to amend, ruling plaintiffs' claims were moot because the "underlying restrictions" plaintiffs challenged were "no longer in effect," and the "abstract proposition of untold future restrictions [was] insufficient to manifest a sufficient controversy before the court."

3

Plaintiffs timely appealed in September 2021. Plaintiffs filed their opening brief on August 16, 2022. The case became fully briefed in March 2023, and was assigned to this panel shortly thereafter.

## DISCUSSION

### I

### *Mootness*

Plaintiffs argue their action "was not and is not moot," because the trial court "could provide effective relief" in the form of (1) a declaratory judgment as to three of plaintiffs' causes of action, and/or (2) damages. We agree with defendants the case is moot and plaintiffs have not met their burden of demonstrating they could amend the complaint to seek money damages.

A.      *Standard of Review and Judicial Notice*

A demurrer—which "admits all material and issuable facts pleaded in the complaint, amplified by matters of which judicial notice may be taken . . . [citation], and the concessions of a pleader" (*Connerly v. Schwarzenegger* (2007) 146 Cal.App.4th 739, 746)—raises only questions of law by testing the sufficiency of the complaint. Accordingly, a trial court's ruling sustaining a demurrer is reviewed de novo.[1] (*Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1034.)

The trial court took judicial notice of Governor Newsom's state of emergency declaration and the Executive Orders referenced above. And plaintiffs conceded that Executive Order N-07-21 rescinded the March 2020 statewide stay-at-home order and the

---

[1] Defendants argue we should review the trial court's mootness ruling for substantial evidence, "[t]o the extent plaintiffs' appeal" does *not* raise any questions of law. The two cases defendants cite for support did not present the procedural posture we confront here: the sustaining of a *demurrer* on mootness grounds.

4

May 2020 order authorizing the Health Department to issue and administer a risk-based framework for reopening the economy.[2]

B.    *Mootness Principles*

Courts in California should decide only justiciable controversies.  " 'The concept of justiciability is a tenet of common law jurisprudence and embodies "[t]he principle that courts will not entertain an action which is not founded on an actual controversy." ' " (*Parkford Owners for a Better Community v. County of Placer* (2020) 54 Cal.App.5th 714, 722.)  A case in which an actual controversy once existed becomes moot when the controversy ceases to exist due to the passage of time or a change in circumstances before a decision is rendered.  " 'The pivotal question in determining if a case is moot is therefore whether the court can grant the plaintiff any effectual relief. . . . When events render a case moot, the court, whether trial or appellate, should generally dismiss it.' " (*Ibid*.)

Plaintiffs apparently do not challenge the trial court's conclusion that injunctive relief would not have provided them with any form of effective relief.  But they assert their third cause of action (non-delegation doctrine) and fourth and fifth causes of action (improper takings under the federal and state Constitutions) were not moot when the trial court dismissed them, because they concerned requests for declaratory relief.

C.    *Declaratory Relief*

Like injunctive relief, declaratory relief is an equitable remedy.  (*Reid v. City of San Diego* (2018) 24 Cal.App.5th 343, 362; *Faunce v. Cate* (2013) 222 Cal.App.4th 166,

---

[2] In a December 2022 filing, defendants requested we take judicial notice of Governor Newsom's announcement that the COVID-19 state of emergency would be terminated on February 28, 2023.  And in March 2023, defendants informed us that on February 28, 2023, Governor Newsom did terminate that state of emergency.  We deny as unnecessary defendants' request for judicial notice.  Our analysis of the pertinent issues in this appeal does not depend on the existence of a COVID-19 state of emergency.

173.) As set forth in Code of Civil Procedure section 1060, an actual controversy relating to the legal rights and duties of the respective parties is required. Stated differently, " 'declaratory relief is appropriate only where there is an actual controversy, not simply an abstract or academic dispute.' " (*Connerly v. Schwarzenegger, supra*, 146 Cal.App.4th at p. 746; see *Roger v. County of Riverside* (2020) 44 Cal.App.5th 510, 530 [a claim for declaratory relief " ' "becomes moot when some event has occurred which 'deprive[s] the controversy of its life' " ' "].) Thus, regardless of whether plaintiffs sought injunctive or declaratory relief (or both) in connection with their third, fourth, and fifth causes of action, the trial court properly ruled those causes of action seeking only equitable relief were moot in light of Executive Order N-07-21, which ended the actual controversy between the parties. (See *Brach v. Newsom* (9th Cir. 2022) 38 F.4th 6, 11 (en banc) [action by parents seeking declaratory judgment against Governor Newsom's suspension of in-person schooling due to COVID-19 was moot, because "Governor Newsom has rescinded the challenged executive orders" and "there is no longer any state order for the court to declare unconstitutional or to enjoin"].)

D.   *Monetary Damages*

Equitable relief and monetary damages are distinct types of relief. Plaintiffs must articulate whether they seek one, the other, or both. A plaintiff who expressly seeks one type of relief does not necessarily seek the other. (Cf. *Mendoza v. Ruesga* (2008) 169 Cal.App.4th 270, 284-285 [equitable relief and the assessment of damages are different types of relief that may be separately authorized by relevant legal authority].) That plaintiffs broadly, in their words, "argued against the uncompensated public use of their property" by defendants, was not a clear articulation they sought monetary damages for such conduct. Because plaintiffs did not seek monetary damages as a form of relief in the complaint and did not articulate a desire for such relief in opposition to the demurrer, the trial court properly ruled their action was moot.

## II

### *Exceptions to Mootness*

Plaintiffs next contend the trial court abused its discretion when it did not apply an exception to the mootness doctrine. Defendants disagree. So do we.

A court has discretion to decide an otherwise moot case if: (1) the case raises an issue of "broad public interest that is likely to recur, and . . . may otherwise . . . evade review" (*People v. Harrison* (2013) 57 Cal.4th 1211, 1218); (2) the controversy between the parties may recur; or (3) a material question remains for the court's determination (*Bullis Charter School v. Los Altos School Dist.* (2011) 200 Cal.App.4th 1022, 1033-1034; *Epstein v. Superior Court* (2011) 193 Cal.App.4th 1405, 1411). And this discretion lies against the backdrop of Code of Civil Procedure section 1061, which provides that a court may refuse to exercise its discretion "in any case where its declaration or determination is not necessary or proper at the time under all the circumstances."

Under abuse of discretion review, we ask whether the relevant decision exceeded the bounds of reason. An appellate court should not reverse a trial court's discretionary decision merely because of a difference of opinion. (See *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1323; *People v. Cross* (2005) 127 Cal.App.4th 63, 73.)

### A.   *Issue of Broad Public Interest Likely to Recur and Evading Review*

Plaintiffs contend restrictions similar to those they challenged in their action are likely to recur. Defendants disagree, arguing a recurrence is not " 'likely' " and the plaintiffs' claims "no longer" present an issue of broad public interest, "even if they once" did. We agree with defendants the likelihood of recurrence is too speculative to conclude the trial court abused its discretion by not invoking this mootness exception. We also conclude there is little reason to believe any future recurrence of the issue will evade judicial review.

7

In *National Assn. of Wine Bottlers v. Paul* (1969) 268 Cal.App.2d 741, due to a record-breaking crop and record-breaking production, the market for dessert wine did not match mounting surpluses. (*Id*. at p. 743.) The director of the Department of Food and Agriculture (the director) issued a marketing order essentially prohibiting the sale of dessert wine at less than cost. (*Id*. at p. 744.) An association of wine bottlers obtained injunctive relief, and by the time the appellate court considered the director's challenge to that relief, the director had terminated the relevant order and supplemental orders. (*Id*. at pp. 744-746.) After ruling the matter moot, the appellate court concluded the likelihood of recurrence of the circumstances giving rise to the alleged issue of public interest was "highly speculative," explaining: "In the present case, it is highly speculative whether the issue will come up again. First, there must be a year where over-production produces a chaotic market. Second, the director must decide to meet the situation by enacting just such another order which is extremely doubtful now that the features objectionable to the parties have been presented and litigated to this point. Third, the required number of processors must assent to the order." (*Id*. at p. 747.)

Likewise here, the question whether the circumstances giving rise to plaintiffs' action will recur is highly speculative. Assuming that, as plaintiffs posit, "COVID-19 is not the last pandemic" California will face, it is too far a leap of logic to also assume that whoever is Governor of California when the next pandemic strikes will decide to prevent the spread of that disease by eliminating or restricting sit-down dining in commercial establishments. We simply do not know what a future pandemic will look like, or what tools policymakers will have when addressing it.

And to the extent plaintiffs argue similar future restrictions are likely due to COVID-19, we are unpersuaded. (Cf. *Brach v. Newsom*, *supra*, 38 F.4th at p. 15 ["The challenged orders have long since been rescinded . . . and the trajectory of the pandemic has been altered by the introduction of vaccines . . . and expanded treatment options"].)

8

Further, plaintiffs undermine their argument by omitting in their briefing any discussion of the evading review element often articulated as part of this exception to mootness. (See *People v. Harrison*, *supra*, 57 Cal.4th at p. 1218; *In re Schuster* (2019) 42 Cal.App.5th 943, 952 ["Many formulations of the public interest exception to the mootness doctrine include the phrase 'may evade review' [citation] or 'yet evade review' "; "[t]hat a controversy may be so short lived as to evade normal appellate review is a strong reason to decide an issue although it is technically moot"]; *Ruelas v. Superior Court* (2015) 235 Cal.App.4th 374, 383 [appellant's burden on appeal to demonstrate trial court error].) There is insufficient reason to conclude that a future controversy like the one at bench will be so short lived that it will evade judicial review. (Cf. *In re Webb* (2019) 7 Cal.5th 270, 273-274 [exercising discretion to decide moot case regarding bail release conditions, because it presented a question of statewide general public concern and because "[q]uestions involving release on bail especially tend to evade review"]; *Conservatorship of Wendland* (2001) 26 Cal.4th 519, 524, fn. 1 [exercising discretion to decide moot case raising "important issues about the fundamental rights of incompetent conservatees" and "the corresponding limitations on conservators' power to withhold life-sustaining treatment," which issues "tend to evade review because they typically concern persons whose health is seriously impaired"].)

B.      *Recurrence of the Controversy Between the Parties*

Because the question whether the circumstances giving rise to plaintiffs' action will recur is highly speculative, so is the question whether the instant controversy between the parties will recur.

C.      *Remaining Material Questions*

Plaintiffs argue "causes [of action] 1 through 11 of the complaint are material questions," and suggest the matter of their "tarnished" "reputation[s] as reliable employers and service providers" also presents a material question. We disagree.

9

"A material question exists when the judgment, if left unreversed, would preclude a party from litigating its liability on an issue still in controversy." (*Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 205.) Here, plaintiffs' first argument is a conclusory assertion and a classic example of the problem of an exception that swallows the rule. If the mere presence of a cause of action could satisfy the "material questions" mootness exception, nearly *every* moot cause of action would qualify for this exception. Had plaintiffs sought damages, that might have presented a material question, but they did not. (See *Grier v. Alameda-Contra Costa Transit Dist.* (1976) 55 Cal.App.3d 325, 330 ["[t]his issue of damages is plainly a 'material issue for the court's determination' " even "though the other questions may be moot as a result of the new collective bargaining agreement"].) And plaintiffs' suggestion that reputational damage to a business presents a material question is unsupported by any citation to authority. (Cf. *In re D.P.* (2023) 14 Cal.5th 266, 277 [though a court finding that "a parent engaged in abuse or neglect of a child" in the dependency context "is generally stigmatizing, complaining of 'stigma' alone is insufficient to sustain an appeal" if the stigma is not "paired with some effect on the [parent's] legal status that is capable of being redressed by a favorable court decision"]; *People v. Delong* (2002) 101 Cal.App.4th 482, 486-489 [in the criminal context, clearing one's name may serve as an exception permitting review of a moot appeal].)

Accordingly, the trial court did not abuse its discretion when it did not apply an exception to the mootness doctrine.

### III

*Leave to Amend*

A.    *Standard of Review*

If a demurrer was sustained without leave to amend, we determine whether there is a reasonable possibility the relevant defect in the complaint can be cured by amendment, with *plaintiff* bearing the burden of proving such reasonable possibility. If a plaintiff

does not carry that burden, the trial court has not abused its discretion, and we affirm. (*Munoz v. Patel* (2022) 81 Cal.App.5th 761, 771.) The burden is "not pro forma." To satisfy it, a plaintiff must present clear and specific factual allegations that show how the proposed amendment will cure the relevant defect. (*Green Valley Landowners Assn. v. City of Vallejo* (2015) 241 Cal.App.4th 425, 432; *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 [plaintiff's burden to demonstrate that the trial court abused its discretion by showing "in what manner [plaintiff] can amend [the] complaint and how that amendment will change the legal effect of [the] pleading"].) And while a plaintiff can try to make that showing for the first time in the reviewing court (*Performance Plastering v. Richmond American Homes of California* (2007) 153 Cal.App.4th 659, 667-668), it follows that a defendant can challenge the showing in the reviewing court.

B.    *Analysis*

Observing their complaint contained "numerous assertions" they "were damaged by" defendants' acts, plaintiffs argue the trial court erred by sustaining the demurrer without leave to amend. Defendants contend any amended claim for monetary damages "would be futile," because plaintiffs cannot demonstrate a reasonable probability they can clear several procedural and substantive hurdles. For example, defendants contend they are immune from damages resulting from their policy decisions under Government Code section 820.2, which provides: "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." (Gov. Code, § 820.2; see *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 983, fn. 5 [immunity for discretionary acts for "basic policy decisions" under § 820.2 "extends to fundamental decisions within the executive or administrative authority of the agency or official"].) Plaintiffs argue defendants forfeited this statutory immunity argument on appeal by failing to raise it in the trial court. As explained above, we disagree.

11

On appeal, plaintiffs bear the burden of demonstrating there is a reasonable probability an amendment could cure the defect in their pleading and defendants are free to respond to those new theories about possible amendments. Here, defendant's statutory immunity argument is in response to plaintiff's effort to cure the mootness defect in their action by seeking monetary damages. On the merits, plaintiffs argue "it is reversible error to sustain a demurrer to the complaint without leave to amend where it could not be said at the pleading stage what type of functions (ministerial or discretionary) the defendants performed." This argument contains no specific factual allegations demonstrating how a proposed amendment to the complaint would overcome defendants' statutory immunity argument. Accordingly, we conclude the trial court did not abuse its discretion in denying leave to amend. (See *Green Valley Landowners Assn.*, *supra*, 241 Cal.App.4th at p. 443 [concluding the trial court did not abuse its discretion in denying leave to amend where plaintiff "fail[ed] to set forth in sufficient detail how it would amend its complaint to correct the multiple defects noted"].)

## DISPOSITION

The judgment is affirmed.  Defendants are entitled to their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/s/
BOULWARE EURIE, J.

We concur:

/s/
RENNER, Acting P. J.

/s/
McADAM, J.*

---

* Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13