Filed 3/11/26  In re A.T. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re A.T., a Person Coming Under the Juvenile Court Law. | C103132 |
| THE PEOPLE,  Plaintiff and Respondent,  v.  A.T.,  Defendant and Appellant. | (Super. Ct. No. JD2024-0117) |

A.T. appeals from the juvenile court's order denying his petition for termination from the sex offender registry.  He argues the prosecution failed to meet its burden of proving community safety would be significantly enhanced by requiring his continued registration and the juvenile court abused its discretion in finding otherwise.  We agree and reverse the court's order.

1

FACTUAL AND PROCEDURAL BACKGROUND

I

*Juvenile And Criminal History*

In July 2002, the prosecution filed a wardship petition alleging A.T. (14 years old at the time of the offenses) committed eight offenses related to the molestation of three female victims, two of whom were four years old and one of whom was seven years old.[1] The abuse occurred on multiple occasions between November 2001 and February 2002.

A.T. was subsequently adjudged a ward of the juvenile court for committing the following offenses: (1) lewd and lascivious conduct with a child under the age of 14, (2) misdemeanor sexual battery by restraint (two counts), (3) assault with a deadly weapon by means likely to cause great bodily injury, and (4) misdemeanor assault. On September 30, 2002, the juvenile court released A.T. into the custody of his parents, placed him on probation, and ordered him to serve five days in juvenile hall. On December 20, 2004, he was sent to the former California Youth Authority. He was paroled from the California Youth Authority on October 10, 2008.

On August 14, 2008, A.T. (then 21 years old) was arrested for contributing to the delinquency of a minor after he rented a motel room for a 16-year-old female coworker who claimed she was being abused by her grandparents. The coworker told police officers that she called A.T. because she did not want to return home. A.T. offered to get her a motel room. He paid for the room then took one of the room keys and left; he said he would be back later to check on her. The coworker told police that she and A.T. were only friends and they never had sex.

---

[1] There is no evidence of the victims' ages in the appellate record, only statements made by the prosecution in the juvenile court. A.T. did not, however, challenge the statements in the juvenile court and does not challenge them on appeal.

Police officers found A.T. at his home and detained him. After initially obfuscating, A.T. told the police that the coworker was at the motel. He also told them he was on "[California Youth Authority] parole" and was a "290PC sex offender." A.T. knew this "look[ed] really bad" but he did not "see how this [was] a problem." He met the coworker five days earlier at work. He initially identified the coworker as his girlfriend but later said they were only friends, and he was trying to help her. Because she worked and did not go to school, he believed she was 18 years old. He told the officers that he never had sex with her.

During a search of A.T.'s person, police officers found three condoms and a cell phone. On A.T.'s cell phone, the officers found several calls between A.T. and the coworker, photographs of "young females who appeared to be under or close to the age of 18" in various stages of dress, and "several text messages from various females, some of which described various sex acts." A.T. was placed on a "parole violation" hold and the California Youth Authority was contacted. Charges were never filed. He was discharged from California Youth Authority parole several weeks later on October 10, 2008.

In January 2009, A.T. was arrested for domestic violence. The record contains no further information regarding this arrest.

On December 16, 2023, police officers found A.T. drunk, sitting in a stranger's car. There was vomit on his pants and in the car. A.T. told officers he was in town with friends "celebrating an 'end of life.'" (Italics omitted.) He said the car belonged to one of his friends and she put him in the car. The officers arrested A.T. for being drunk in public.

## II

### *Petition To Terminate Sex Offender Registration*

On July 9, 2024, A.T. petitioned the juvenile court to terminate his sex offender registration requirement. In his petition, A.T. indicated he was currently registered in

3

Yolo County as a "[t]ier 2 ([j]uvenile)" offender, he was not in custody, he was not being supervised by law enforcement, and there were no charges pending against him. This was his first petition. The court set the petition for a hearing.

The prosecution opposed A.T.'s petition, claiming "[c]ommunity safety would be significantly enhanced by the petitioner's continued registration." In support of its opposition, the prosecution submitted five exhibits: (1) the 2002 through 2003 juvenile court records related to A.T.'s wardship proceeding; (2) the 2002 police records of the arrest that resulted in A.T.'s wardship proceeding; (3) the police records related to A.T.'s 2008 arrest for contributing to the delinquency of a minor; (4) the police records related to A.T.'s 2023 arrest for being drunk in public; and (5) A.T.'s "[r]egister of [a]ctions . . . card" from his juvenile record (the remainder of his juvenile files had already been purged).

The Woodland Police Department submitted its own "petition check list," which included A.T.'s California law enforcement telecommunications system report, his current sex offender registration, and the register of actions card from his juvenile record. (Capitalization omitted.) A.T. was required to register for a minimum of 10 years and his registration requirement was never extended due to a failure to register conviction. The Woodland Police Department determined A.T. was eligible to have his registration requirement terminated.

The prosecution argued A.T. continued to "represent a threat to the public safety." (Boldface and capitalization omitted.) Using the police reports of his registration offense, the prosecution argued A.T.'s three victims were vulnerable family members who were "extremely young." The prosecution also argued that A.T.'s behavior in the years after the registration offense (i.e., his arrests for domestic violence, contributing to the delinquency of a minor, and being drunk in public) demonstrated a need for continued registration. In particular, the prosecution argued, even while sober, A.T. harmed three of his very young female relatives and an emotionally vulnerable 16-year-old girl. Thus,

4

given his most recent arrest for public drunkenness, the prosecution argued, "[I]t is not [a] stretch to imagine a public safety concern when [A.T.] is so intoxicated that he is a danger to himself and others." In short, A.T.'s behavior "indicate[ed] the . . . petition should be denied."

At the hearing on A.T.'s petition, the juvenile court found A.T. met his initial burden. As a result, the court's task was to determine whether "community safety would or would not be significantly enhanced by a continued registration." To reach that determination, the court explained, it would have to assess the risk that A.T. would reoffend. The court noted that it did not have any evidence of a risk assessment or information about A.T. from the California Youth Authority.

Despite finding the registration offense to be "horrendously egregious," the juvenile court noted that the registration offense alone was not sufficient to deny the petition, although it "does weigh strongly." The court found the passage of time (more than 20 years since the registration offense) weighed in favor of granting A.T.'s petition. The court characterized the circumstances surrounding A.T.'s 2008 arrest for contributing to the delinquency of a minor to be "suspicious."

Regarding A.T.'s 2023 arrest for being drunk in public, the juvenile court noted, "It's common sense that alcohol is disinhibiting." The court continued: "[The incident] does cause the [c]ourt concern because it's so recent and so it undercuts to a pretty significant degree the conclusion that everything is changed from how it was earlier for him. Of course, it's a much different character, I understand that, but it's still a law violation and causes concern to the [c]ourt." The court concluded: "[T]he [prosecution] ha[s] met [its] burden to show that community safety would be significantly enhanced by continued registration." Accordingly, the court denied the petition and set the period for reapplication at two years.

A.T. appeals.

5

DISCUSSION

Defendant contends the juvenile court abused its discretion by denying his petition. We agree.

I

*Legal Principles And Standard Of Review*

Penal Code section 290.008 sets forth the sex offender registration requirements for juvenile offenders. (*Ruelas v. Superior Court* (2015) 235 Cal.App.4th 374, 380.) Effective January 1, 2021, this statute in relevant part provides: "Any person who, on or after January 1, 1986, is discharged or paroled from the Department of Corrections and Rehabilitation to the custody of which [he or she or they was] committed after having been adjudicated a ward of the juvenile court pursuant to [s]ection 602 of the Welfare and Institutions Code because of the commission or attempted commission of any offense described in subdivision (c) shall register in accordance with the [Sex Offender Registration] Act [(Pen. Code, § 290 et seq.)] unless the duty to register is terminated pursuant to [Penal Code s]ection 290.5 or as otherwise provided by law." (Pen. Code, § 290.008, subd. (a); see *id*., subd. (g).)

Subdivision (d) of section 290.008 of the Penal Code[2] provides for tiered periods of registration. A tier one juvenile offender is subject to registration for a minimum of five years; a tier two juvenile offender is subject to registration for a minimum of 10 years. (§ 290.008, subd. (d)(1), (2).)

Section 290.008, subdivision (d)(3) provides procedures for juvenile offenders to petition the juvenile court to terminate their registration requirement "at the expiration of their mandated minimum registration period, pursuant to [s]ection 290.5." Section 290.5 provides the procedures for adult offenders to terminate their registration requirement; the

---

**2**    Further undesignated statutory references are to the Penal Code.

procedures are, therefore, the same, and the process begins by filing a petition for termination and serving it on the district attorney. (§ 290.5, subd. (a)(1), (2).) Upon receiving a petition, the district attorney may request a hearing and "present evidence regarding whether community safety would be significantly enhanced by requiring continued registration." (§ 290.5, subd. (a)(2), (3).)

In ruling on the petition, the court "shall consider" the following seven factors: (1) "the nature and facts of the registerable offense"; (2) "the age and number of victims"; (3) "whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours)"; (4) "criminal and relevant noncriminal behavior before and after conviction for the registerable offense"; (5) "the time period during which the person has not reoffended"; (6) "successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program"; and (7) "the person's current risk of sexual or violent reoffense, including the person's risk levels on [the State Authorized Risk Assessment Tool for Sex Offenders] static, dynamic, and violence risk assessment instruments, if available." (§ 290.5, subd. (a)(3).) The court may base its determination on "declarations, affidavits, police reports, or any other evidence submitted by the parties [that] is reliable, material, and relevant." (*Ibid*.) If the court denies the petition, it "shall set the time period after which the person can repetition for termination, which shall be at least one year from the date of the denial, but not to exceed five years." (§ 290.5, subd. (a)(4).)

When the prosecution requests a hearing on a petition, it is its burden to produce evidence and to show "that requiring continued registration [will] appreciably increase[] society's safety" because the defendant is "*currently* likely to reoffend." (*People v. Thai* (2023) 90 Cal.App.5th 427, 432, 433 (*Thai*).) The trial court's task when ruling on a petition "is to assess whether the [prosecution] ha[s] carried [its] burden." (*People v. Franco* (2024) 99 Cal.App.5th 184, 192.)

7

"We evaluate a trial court's decision whether to grant or deny a petition for removal from the sex offender registry for an abuse of discretion, reviewing any subsidiary factual findings based on disputed facts for substantial evidence and any subsidiary legal findings—including questions of statutory construction—de novo." (*People v. Franco*, *supra*, 99 Cal.App.5th at p. 192.) "A trial court abuses its discretion when its factual findings are not supported by the evidence, or its decision is based on an incorrect legal standard." (*Thai*, *supra*, 90 Cal.App.5th at p. 433.)

II

*The Juvenile Court Abused Its Discretion*

Mindful that it is the prosecution's burden to demonstrate the defendant is currently likely to reoffend, and not the defendant's burden to establish he, she, or they is not currently likely to reoffend (§ 290.5, subd. (a)(3)), we find the juvenile court abused its discretion in denying A.T.'s petition.

In *Thai*, the defendant pled guilty to violating section 288, subdivision (a) after he masturbated a 12-year-old boy who was not a stranger. (*Thai*, *supra*, 90 Cal.App.5th at p. 430.) More than 23 years later, the defendant filed a section 290.5 petition; the defendant argued he had participated in counseling and had no criminal history since the registration offense. (*Thai*, at pp. 430-431.) The prosecution opposed the petition, arguing the facts of the underlying crime were " 'particularly egregious,' " with the defendant taking advantage of the 12-year-old victim and (despite the defendant's guilty plea) showing no remorse after the crime. (*Id*. at p. 430.) The defendant responded that there was no evidence he was currently a danger; in other words, the prosecution failed to meet its burden of proof. (*Id*. at p. 431.) The trial court denied the petition, reasoning the crime was egregious and the defendant had taken advantage of a position of trust. (*Id*. at pp. 431-432, 434.) The appellate court reversed. (*Id*. at p. 435.)

The appellate court in *Thai* concluded the trial court abused its discretion because the prosecution failed "to produce evidence establishing that terminating the registration

8

requirement considerably raised the threat to society because [the] 64-year-old [defendant] was *currently* likely to reoffend." (*Thai*, *supra*, 90 Cal.App.5th at p. 433.) Assuming the underlying crime was egregious, "those facts alone do not demonstrate [the defendant] was a risk to the community over 24 years later." (*Id*. at p. 434.)

Here, the parties do not dispute the circumstances underlying A.T.'s registration offense: A.T. sexually abused three of his younger female relatives when he was 14 years old. The juvenile court considered the nature and facts of the registration offense, including the age of the victims, and found the crime "horrendously egregious." The court also looked at A.T.'s subsequent criminal and noncriminal conduct, which included two arrests nearly 20 years ago and a more recent arrest for public drunkenness. (§ 290.5, subd. (a)(3).) This evidence alone does not support a finding that A.T. is currently at risk of reoffending.

A.T. was 14 years old when he committed his registration offense, in contrast to the defendant in *Thai*, who committed his qualifying offense when 39 years old. (*Thai*, *supra*, 90 Cal.App.5th at p. 430.) In the more than 20 years since the registration offense, A.T. has not been convicted of another offense. Almost immediately after he was discharged from the California Youth Authority, he was arrested for contributing to the delinquency of a minor, with no allegation of sexual abuse. But no charges were ever filed, and he was discharged from California Youth Authority parole shortly thereafter. There is evidence of an arrest for domestic violence in 2009, but there are no details about the circumstances of that arrest, and it does not appear charges were ever filed.

Nearly 15 years later, in 2023, A.T. (now an adult) was arrested for being drunk in public after vomiting in a stranger's car. A single incident of public drunkenness after a nearly 20-year conviction free period is not substantial evidence that A.T. is likely to reoffend, especially considering defendant's alcohol consumption did not appear to be a chronic problem or linked to the commission of his qualifying offense.

Indeed, although it was its burden to prove A.T. was currently at risk of reoffending, the prosecution presented no evidence that A.T.'s conduct demonstrated a pattern of behavior that required continued registration to significantly enhance community safety. The prosecution did not present a report from a Sex Offender Management Board-certified sex offender treatment program discussing A.T.'s current risk of sexual or violent reoffense, or risk levels on the State Authorized Risk Assessment Tool for Sex Offenders static, dynamic, or violence risk assessment instruments. (§ 290.5, subd. (a)(3).) Other than the details of the registration offense, the prosecution offered only two police reports (with nearly 15 years between them) that do not allege sexual abuse offenses, and its opinion that A.T., now 36 years old, is currently at risk of reoffending.

Consistent with the legislation's purpose to cull from the registration rolls low-risk offenders so that resources could be concentrated on high-risk ones (Sen. 3d reading analysis of Sen. Bill No. 384 (2017-2018 Reg. Sess.) as amended Sept. 8, 2017, pp. 12-13), it was incumbent upon the prosecution to present "reasonable, credible, and solid evidence" establishing a current risk of reoffense. (*Thai*, *supra*, 90 Cal.App.5th at p. 435; see *id*. at p. 433.) It did not. Without evidence establishing such risk, the juvenile court abused its discretion in determining that " 'community safety would be significantly enhanced' " by continued registration. (*Id*. at p. 435.) Accordingly, the order of the juvenile court must be reversed.

DISPOSITION

The order denying defendant's section 290.5 petition is reversed.

/s/ _____<br>ROBIE, Acting P. J.

We concur:

/s/ _____
MAURO, J.

/s/ _____
WISEMAN, J.*

_____

\*     Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11