[No. B102911. Second Dist., Div. Four. Dec. 23, 1996.]

ZAFFAR HASSANALLY, Plaintiff and Appellant, v.
RONALD GORDON FIRESTONE et al., Defendants and Respondents.

COUNSEL

Hitchcock, Bowman & Schachter and Robert Schachter for Plaintiff and Appellant.

Rogers & Harris and Michael Harris for Defendants and Respondents.

OPINION

**EPSTEIN, J.**—Throughout most of its history, California law has provided that no judge may receive a salary if he or she has had a case under submission more than 90 days. Occasionally judges have sought to evade this proscription by the device of "resubmitting" the case shortly before, or after, the running of the statutory period. In this case we hold that, although the practice is improper where not justified by unusual circumstances, it does not afford a basis to attack the decision that is ultimately reached.

### FACTUAL AND PROCEDURAL SUMMARY

This appeal arises out of a dispute between a property owner who retained a firm of architects to design a home and the firm he engaged. Zaffar Hassanally was the plaintiff in the trial court and is the appellant here. He retained defendants and respondents Ronald Gordon Firestone and the architectural firm of which he was a partner (collectively, Firestone), to design, draw plans and do related work for a residence plaintiff was planning to construct. The complaint alleges that Firestone failed to anticipate the requirements of and to submit plans to an architectural board having authority over construction in the area. The result, it was alleged, was delay and added cost.

The lawsuit became at issue and, on June 15, 1995, was called for trial. The parties waived jury and the dispute was tried to the court over three court days. It was submitted at the conclusion of trial, on June 19, 1995. The 90th day after that was September 17. Since that day fell on a Sunday, the last day of the statutory period became September 18, by operation of law. (Code Civ. Proc., § 12a.) No decision was filed or announced on that day, or for 10 days thereafter. The court minutes record that on September 28 (a Thursday), "Pursuant to telephonic communication with both counsel this date, the court, on its own motion, resubmits the trial as of September 28, 1995." Sixty-three days later, on December 29, 1995, the court rendered its decision, resolving factual and other issues in favor of defendants. Judgment was entered on January 22, 1996.

We have one other window onto the circumstances of the resubmission. An uncontradicted declaration by appellant's attorney, filed in support of his motion for new trial, states:

"On September 28, 1995, this office received a copy of a Minute Order whereby the trial court 'resubmitted' the case for decision to itself. No explanation was provided in the Minute Order. . . .

"At no time was the undersigned or anyone in this office contacted by the trial court, the clerk of the court, opposing counsel or anyone else requesting our consent or approval or the consent or approval of our client to having the matter resubmitted. The clerk advised our office by telephone that the matter was being resubmitted."

The motion for new trial was denied. This appeal followed.

## DISCUSSION

The Constitution of California requires that the "Legislature shall prescribe compensation for judges of courts of record. [¶] A judge of a court of record may not receive the salary for the judicial office held by the judge while any cause before the judge remains pending and undetermined for 90 days after it has been submitted for decision." (Cal. Const., art. VI, § 19.) The Legislature followed this command with an implementing statute. The present provision (Gov. Code, § 68210) states that: "No judge of a court of record shall receive his salary unless he shall make and subscribe before an officer entitled to administer oaths, an affidavit stating that no cause before him remains pending and undetermined for 90 days after it has been submitted for decision."

The superior court, from which the appeal in this case is taken, is, of course, a "Court[] of record." (Cal. Const., art. VI, § 1.) The record does not reveal whether the trial judge executed a salary affidavit at a time when the case was under submission and undecided for more than 90 days, and we shall presume that she did not. (See Evid. Code, § 664.)

█ The constitutional and statutory provisions amount to a determination that 90 days "affords a reasonable time within which to expect a trial judge to carry out the basic responsibility of a judge to decide cases." (*Mardikian* v. *Commission on Judicial Performance* (1985) 40 Cal.3d 473, 477, fn. 4 [220 Cal.Rptr. 833, 709 P.2d 852].) The penalty for a failure to do so is specifically provided: payment of salary is withheld. The salary is not forfeit because of the delay; payment is simply postponed until the submitted

matter is decided. (*Wyatt* v. *Arnot* (1907) 7 Cal.App. 221, 228 [94 P. 86].) Failure to render a decision within 90 days, and execution of a false affidavit declaring that no matter has been under submission beyond that time, are bases for judicial discipline. (See *Mardikian* v. *Commission on Judicial Performance, supra,* 40 Cal.3d 473; *McCullough* v. *Commission on Judicial Performance* (1989) 49 Cal.3d 186 [260 Cal.Rptr. 557, 776 P.2d 259].) While there are no reported cases on the point, the delay also may be the basis for a writ of mandate under Code of Civil Procedure section 1085 to compel the court to make a decision.

Our Supreme Court has recognized that there are circumstances in which censure of a judge is not appropriate even though a case has been under submission for more than 90 days. "It would be manifestly unreasonable, and outside the contemplation of article VI, section 18, to censure or remove a competent judge whose workload and/or temporary disability made prompt decision of all matters submitted to him impossible. While delay in deciding cases may well cause criticism and bring the judicial office into disrepute, when that delay is the product of an overburdened and underfunded court the trial judges who are the backbone of the judicial system must not be forced to assume responsibility for a situation which is not of their making or within their control. To the extent that an intolerably burdensome workload makes prompt decision impossible even for the most conscientious judge, the answer to the problem must lie elsewhere than in judicial discipline." (*Mardikian* v. *Commission on Judicial Performance, supra,* 40 Cal.3d at pp. 482-483, fn. omitted.) The court suggested that trial judges faced with this problem file a declaration of reasons for resubmission, similar to the statement required by rule 22.5(b) of the California Rules of Court of appellate judges who resubmit cases. (40 Cal.3d at p. 484, fn. 11.)

Resubmission without good cause is improper. (40 Cal.3d at p. 482.) ■ The record does not inform us whether there was good cause for resubmission in this case. No reason for the resubmission was given. Nor was the approval of counsel for resubmission obtained.

Whether or not the court was justified in resubmitting the matter, there is no basis to impeach the decision it reached. Appellant argues that the court may have forgotten some of the evidence or in some other way mishandled the issues on account of the delay. That is, of course, sheer speculation, and is entirely unsupported. The trial judge remained fully vested with authority to decide the case, and she did so in a detailed five-page minute order explaining her reasons. No attack is made on the rationale of her decision.

We appreciate the frustration of counsel in cases where a judge simply does not decide a case within the appointed time, or resubmits it in an effort

to begin a new 90-day period. Only the boldest of counsel is likely to protest while the case remains undecided in the hands of the trial judge. The constitutional and statutory scheme for prompt decisions is largely self-enforcing. It depends on the good faith and industry of the judges. Attorneys have a right to expect judges to honor this public policy, and we expect that judges at all levels will do so.

### DISPOSITION

The judgment is affirmed.

Vogel (C. S.), P. J., and Hastings, J., concurred.