Filed 2/13/25  Hahn v. Frascht CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| AARON MARK HAHN,<br><br>                    Appellant,<br><br>     v.<br><br>BRITTANY NICOLE FRASCHT,<br><br>                    Respondent. | B329167<br><br>(Los Angeles County<br>Super. Ct. No. 20STFL03991) |

_____

        APPEAL from an order of the Superior Court of Los Angeles County, Dean H. Hansell, Judge.  Affirmed.
        Jacqueline M. Sale for Appellant.
        Kermisch & Paletz, Daniel J. Paletz and Eden C. Bautista for Respondent.

_____

# INTRODUCTION

Aaron Mark Hahn appeals from an order granting Brittany Nicole Frascht $79,692 in attorney fees, which Frascht incurred in obtaining a domestic violence restraining order (DVRO) against him. Hahn contends the attorney fees are unreasonable and that the trial court failed to determine Hahn's ability to pay. We conclude the trial court did not abuse its discretion and affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

Frascht and Hahn previously dated and have a minor child, born June 2014. Frascht has sole physical and legal custody of their child, pursuant to a Minnesota custody order. The parties have an ongoing family law case pending in the Los Angeles County Superior Court.

In July 2020, Frascht filed a request for a DVRO and received a temporary restraining order against Hahn. In June 2022, after several reissuances of the temporary restraining order, the trial court held a three-day trial and issued a permanent domestic violence restraining order against Hahn.

Frascht sought prevailing party fees under Family Code section 6344.[1] In support, she filed a declaration of counsel

---

[1] Frascht sought attorney fees under the former version of Family Code section 6344 that was in effect in 2022, under which "a prevailing petitioner's right to recover attorney's fees depended on the petitioner's demonstrated inability to pay fees and a disparity in income between the parties." (*Dragones v. Calkins* (2024) 98 Cal.App.5th 1075, 1080.) The parties do not dispute

2

attaching copies of attorney fee invoices.  Her counsel declared: "[Frascht] has incurred a total of $96,282 from the inception of this case to June 30, 2022.  After review of the billing statements, which include notations for non-DVRO related work, it is estimated that $75,632 in attorneys' fees and costs were incurred in connection with DVRO related work and $20,650 was incurred for work unrelated to the DVRO."

Hahn opposed the attorney fee request.  He argued the amount was unreasonable and included charges unrelated to the DVRO and asserted he could not afford to pay Frascht's attorney fees.  Hahn did not submit any evidence of his finances or other information supporting his statement that he was unable to afford to pay any amount of attorney fees.  Frascht filed a reply brief and submitted an income and expense declaration, which Hahn moved to strike.  After briefing and a hearing, the trial court denied Hahn's request for an order to strike.

Before the hearing on the attorney fee motion, Frascht filed a supplemental declaration from her counsel documenting additional attorney fees Frascht incurred.  Frascht sought an additional $6,242 for ongoing work in connection with the DVRO and $4,975 for work opposing Hahn's request for an order to strike her income and expense declaration.

On February 10, 2023, the trial court issued its findings and order granting Frascht $79,692 in attorney fees and costs.  On Frascht's original request for $75,632, the court granted $71,000 and "reduced the request by $4,632 for work the Court

---

that the current version of section 6344, effective January 1, 2023, applies to this case.  (See *id.* at pp. 1078-1085 [current version of § 6344 applies retroactively to all cases pending on its effective date]; see Stats. 2022, ch. 591, §§ 1-2.)

concluded could have been performed more efficiently." On Frascht's supplemental request for additional work by her counsel, the trial court granted the additional $6,242 requested for work in connection with the DVRO but granted only $2,450 for work in connection with the motion to strike. The court explained it "did not grant the entire additional amount sought by [Frascht] for work in connection with opposing the motion because some of that work may have been occasioned by how [Frascht]'s FL-150 [income and expense declaration] was prepared." The court ordered Hahn to pay Frascht's counsel $5,000 per month until the amount was paid in full.

Hahn timely appealed.

## DISCUSSION

A.    *Governing Law and Standard of Review*

Family Code section 6344, subdivision (a), provides that "[a]fter notice and a hearing, a court, upon request, shall issue an order for the payment of attorney's fees and costs for a prevailing petitioner" on a request for a DVRO.[2] "Before a court awards attorney's fees and costs pursuant to this section, the court shall first determine pursuant to Section 270 that the party ordered to pay has, or is reasonably likely to have, the ability to pay." (§ 6344, subd. (c); see § 270 ["If a court orders a party to pay attorney's fees or costs under this code, the court shall first determine that the party has or is reasonably likely to have the ability to pay."].) Thus, section 6344 "mandates an award of attorney's fees to a prevailing petitioner in an action brought

---

[2]    Undesignated statutory references are to the Family Code.

4

pursuant to the Domestic Violence Prevention Act, subject only to the trial court's consideration of the respondent's inability to pay." (*Dragones v. Calkins* (2024) 98 Cal.App.5th 1075, 1085 (*Dragones*); see *id.* at p. 1081 [current § 6344 "requires the court to award fees to a prevailing petitioner, subject only to the respondent's ability to pay," without need for the prevailing petitioner to show inability to pay or disparity in access to funds].)

"We apply an abuse of discretion standard in reviewing the amount of an attorney fee award. [Citation.] '[A]n experienced trial judge is in a much better position than an appellate court to assess the value of the legal services rendered in his or her court, and the amount of a fee awarded by such a judge will therefore not be set aside on appeal absent a showing that it is manifestly excessive in the circumstances.' [Citation.] 'The only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination.'" (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1509 (*Loeffler*); accord, *Dragones, supra,* 98 Cal.App.5th at p. 1085.)

Although a court reporter was present for the attorney fees hearing, Hahn elected to proceed with his appeal on a clerk's transcript and without a reporter's transcript of the relevant proceedings. (See Cal. Rules of Court, rules 8.121, 8.122.) This is referred to as a "judgment roll" appeal. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325; *Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082; *Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207; see Code Civ. Proc., § 670, subd. (b) [defining contents of judgment roll].) "The trial court's findings of

5

fact and conclusions of law therefore are presumed to be supported by substantial evidence and are binding upon us, unless the judgment [or challenged order] is not supported by the findings or reversible error appears on the face of the record." (*Krueger,* at p. 207; see *Nielsen,* at pp. 324-325 [on a judgment roll appeal, appellate review is limited to errors appearing on the face of the record].)

The appellant bears the burden of affirmatively demonstrating error. (See *Ruelas v. Superior Court* (2015) 235 Cal.App.4th 374, 383; *Gould v. Corinthian Colleges, Inc.* (2011) 192 Cal.App.4th 1176, 1181.) To do so, the appellant must provide an adequate record (see *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348), as well as meaningful legal analysis supported by citations to facts in the record and legal authority. (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277; *Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457 (*Multani*); see also Cal. Rules of Court, rules 8.204(a)(1) & 8.204(a)(2).) We will not reverse the trial court's order awarding attorney fees unless, "'considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order made.'" (*In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532.)

B.    *The Trial Court Did Not Abuse Its Discretion By Awarding Attorney Fees*

Here, Frascht requested a total of $86,849 in attorney fees, and provided invoices and declarations documenting her counsel's work and billing to support her request. The trial court awarded Frascht $79,692 in fees.

6

Hahn has not shown the trial court abused its discretion by finding that $79,692 was a reasonable amount of attorney fees incurred. As stated, Frascht submitted detailed billing records from her attorney, and her attorney attested under penalty of perjury that the amounts requested solely pertained to work in connection with the DVRO and not to the parties' family law cases. (See *Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 396 [attorney's declaration attesting to the accuracy of the fee bill is entitled to a presumption of credibility].) Additionally, the pleadings, exhibits, hearings, three-day trial, and other evidence of the nature of the litigation and actual work performed by Frascht's counsel were all before the trial court, which made its own determination regarding the value of the services. (See *Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623 ["The value of legal services performed in a case is a matter in which the trial court has its own expertise."].)

Hahn argues in a conclusory manner that the case was not complex, did not require great skill, the work included in the award was not necessary and there was "overbilling," and that the award purportedly included fees and costs for family court litigation unrelated to the DVRO. But Hahn provides no citations to the record in support of his arguments, and he "does not attempt to establish that any specific item of fees or costs was not reasonably incurred by [Frascht]. Accordingly, [Hahn] has not met his burden to establish that the trial court abused its discretion in that the award was 'manifestly excessive in the circumstances.'" (*Loeffler, supra,* 174 Cal.App.4th at p. 1509; see *Multani, supra,* 215 Cal.App.4th at p. 1457 [without citation to facts in the record, "'conclusory claims of error will fail'"].)

Further, the trial court did not award the full amount of attorney fees that Frascht sought. The court reduced Frascht's initial request for $75,632 to $71,000, excluding "work the Court concluded could have been performed more efficiently," and it granted only $2,450 of Frascht's supplemental request for $4,975 for work opposing Hahn's request for an order to strike her income and expense declaration "because some of that work may have been occasioned by how [Frascht]'s FL-150 [income and expense declaration] was prepared." In total, the family court awarded $7,157 less attorney fees than Frascht sought. (See *Loeffler, supra,* 174 Cal.App.4th at p. 1509, fn. 15 [significant fee reduction from the original request indicates trial court exercised its discretion].)

The trial court's order also contemplates that Hahn will pay the attorney fees in installments, rather than a lump sum. This further demonstrates the award was not the result of passion or prejudice. "The reduced fee amount and the installment structure indicate that the fee award resulted from the court's exercise of discretion after considering the facts of the case . . . . Should [Hahn] find [him]self unable to afford the installment payments, []he can file an appropriate request to modify the installment payments, with sufficient facts to demonstrate h[is] inability to pay." (*Dragones, supra,* 98 Cal.App.5th at p. 1086.) "'In these circumstances, we cannot conclude that the award of attorney fees shocks the conscience or suggests that passion and prejudice had a part in it.'" (*Loeffler, supra,* 174 Cal.App.4th at p. 1509, fn. 15.)

8

Hahn additionally contends the trial court erroneously failed to consider his ability to pay in making its order.[3]  The parties litigated the issue of their respective abilities to pay for Frascht's attorney fees under former section 6344, and the court stated it had reviewed the parties' filings, but it did not make an express finding regarding Hahn's ability to pay.  As previously noted, on a judgment roll appeal our review is limited to determining whether any error appears on the face of the record, and we "'"must conclusively presume that the evidence is ample to sustain the [trial court's] findings."'"  (*Nielsen, supra,* 178 Cal.App.4th at pp. 324-325.)  Here, the trial court impliedly found Hahn "has, or is reasonably likely to have, the ability to pay."  (§ 6344, subd. (c).)  The trial court was not required to make express written findings regarding Hahn's ability to pay either under sections 270 or 6344.  (See *Gunther v. Alaska Airlines, Inc.* (2021) 72 Cal.App.5th 334, 361 ["'there is no general rule requiring trial courts to explain their decisions on motions seeking attorney fees'"].)

Hahn submitted a declaration to the trial court attesting that he "cannot afford to contribute" to Frascht's attorney fees and has "no source of payment."  But Hahn did not submit any evidence of his finances or other information supporting his statement that he was unable to afford to pay any amount of attorney fees.  The trial court was within its discretion to find

---

[3]  We disregard Hahn's citations of unpublished California cases in his respondent's brief.  Unpublished California appellate opinions "must not be cited or relied on by a court or a party in any other action" except in narrow circumstances not applicable here.  (Cal. Rules of Court, rule 8.1115(a); see *People v. Russo* (2001) 25 Cal.4th 1124, 1133, fn. 1.)

9

Hahn's declaration lacked credibility. (See *Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1172 ["To the extent the court's finding was derived from a credibility evaluation, as an appellate court we defer to this assessment."].) And, "'in the absence of evidence . . . especially in a judgment roll appeal, we have no reason to assume the facts are favorable to appellant.'" (*Gavin W. v. YMCA of Metropolitan Los Angeles* (2003) 106 Cal.App.4th 662, 674, fn. 8.) Although Hahn argues Frascht failed to "assert" or "allege" Hahn's ability to pay, there is no statutory requirement that the prevailing petitioner must demonstrate the respondent's ability to pay section 6344 attorney fees.

We thus find no error on the face of the record and "conclusively presume," as we must, that the evidence supports the trial court's implied findings that Hahn has or is reasonably likely to have the ability to pay and that his declaration to the contrary was not credible. (See *Nielsen, supra,* 178 Cal.App.4th at pp. 324-325.)

Hahn also contends the trial court committed "reversible error" by "waiting 6 months to rule on an attorney fees motion." But the authorities he cites are specific to the failure to render a decision within 90 days after submission of the case. (See Cal. Const., art. VI, § 19; *Hassanally v. Firestone* (1996) 51 Cal.App.4th 1241, 1245.) "'A case is deemed to be under submission when the court, trying the issues without a jury, has heard the evidence *and the arguments of counsel* and has taken the case under advisement.'" (*Shapira v. Lifetech Resources, LLC* (2018) 22 Cal.App.5th 429, 437; accord, *Jalof v. Robbins* (1941) 19 Cal.2d 233, 235; see Cal. Rules of Court, rule 2.900(a) [a "cause is deemed submitted" in the earlier of two circumstances:

10

when "[t]he . . . court orders the matter submitted," or on "[t]he date the final paper is required to be filed or the date argument is heard, whichever is later"].)  Here, the attorney fees hearing was held on November 28, 2022, and the trial court issued its decision on February 10, 2023.  There was no failure to render a timely decision.[4]

## DISPOSITION

The trial court's order awarding attorney fees is affirmed.  Frascht is to recover her costs on appeal.

MARTINEZ, P. J.

We concur:

FEUER, J.                                        PULOS, J.[*]

---

[4]   Hahn's opening brief also contends that the court erroneously ordered sanctions under section 271.  As Frascht points out, this argument appears to have been inadvertently included, as the court's order and record on appeal reflect no such sanctions award.

[*]   Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.